IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Deborah V. Hubbard, a/k/a Deborah Videtto Hubbard, a/k/a Deborah Hubbard-Sarvis,<br><br>Plaintiff,<br><br>v.<br><br>Bryan Stirling, Marian Boulware, et al.,<br><br>Defendants. | Case No.: 8:19-cv-01314-SAL<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the March 16, 2020 Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d). *See* ECF No. 77. The Report sets forth the factual history of this case and evidence relevant to the pending motions in detail, and the Court incorporates the same herein. In the Report, the Magistrate Judge recommends granting Defendants' Motion for Summary Judgment, ECF No. 48, in part and denying Plaintiff's Motion for Expedited Evidentiary Hearing and Motion for Preliminary Injunction, ECF No. 58, as well as Plaintiff's Motion to Present Supplemental Evidence. ECF No. 74. In addition, the Court will address Plaintiff's March 26, 2020 Motion to Appoint Counsel. ECF No. 82.

**I.     Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.

1

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In applying the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole

or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## II.     Discussion

### A.     Defendants' Objections Improperly Attempt to Raise New Issues.

The Court first discusses Defendant's objections to the Report. As noted by the Magistrate Judge, this action is comprised of three separate causes of action: two claims are brought pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment and First Amendment retaliation, while Plaintiff's third claim alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Defendants' Motion for Summary Judgment, ECF No. 48, only squarely addresses the Eighth Amendment claim. *See* ECF No. 77 at 20 (noting Defendants only address the ADA in "one off-hand comment"). Defendants now argue in their objections that this Court should evaluate entirely and admittedly "new arguments" in support of summary judgment as to Plaintiff's First Amendment retaliation and ADA claims. They rely exclusively on the case of *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) in support of the proposition that the Court should consider these new arguments. Because Defendants' objections raise entirely new issues rather than new arguments, they are overruled.

In *George*, the Fourth Circuit held that the trial court erred in failing to address legal theories not presented to the magistrate bearing on the issue of whether certain evidence should be suppressed. *See id.* at 1117-18. The court stated, "[w]e believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to

consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *Id.* at 1118 (footnote omitted).

The Fourth Circuit subsequently clarified the import of *George* in the case of *Samples v. Ballard*, 860 F.3d 266 (4th Cir. 2017). The *Samples* court noted that "*George* envisions a hierarchical scheme, wherein a *legal case* is divided into *issues*, and *issues* are further subdivided into *arguments*." *Id.* at 272 (emphasis in original). Thus, in *George*, the "legal case" was the entire criminal case, the "issue" was whether evidence should be suppressed, and the relevant "arguments" were the various theories, some presented to the magistrate and others not, bearing on whether evidence should be suppressed. *Id.* Under *George* and *Samples*, a court is only required to address new arguments directed at issues presented to the magistrate judge. New issues, however, are not properly presented for the first time in objections to a report and recommendation.

Here, Defendants only presented a single "issue" to the Magistrate Judge in their motion; *i.e.*, whether a genuine issue of material fact exists with regard to Plaintiff's Eighth Amendment claim. This Court would be required to review and address arguments not presented to the Magistrate Judge bearing on this issue. To argue that Defendants are entitled to summary judgment on causes of action not addressed in the underlying motion, however, presents two entirely new issues regarding Plaintiff's claims under the First Amendment and the ADA. *See Walker v. Griswold*, No. 8:16-cv-00814-JMC, 2017 WL 4324844, at *3 (D.S.C. Sept. 29, 2017) (reviewing the implications of *George* and *Samples* and concluding that separate causes of action constitute separate "issues" in the civil context).

Because Defendants' objections raise entirely new issues rather than new arguments, they are overruled.

> **B.     Plaintiff's Objections are Nonspecific and Fail to Establish a Genuine Issue of Material Fact Regarding Her Eighth Amendment Claim.**

Plaintiff's objections to the Report are nonspecific, and they otherwise fail to cite record evidence sufficient to establish a genuine issue for trial. Accordingly, Plaintiff's objections are overruled.

Under Rule 72 of the Federal Rules of Civil Procedure, a party wishing to object must do so with specificity. Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections"). Only portions of a magistrate judge's report and recommendation that have been properly objected to demand de novo review. Fed. R. Civ. P. 72(b)(3). Vague, general, or conclusory objections not directed toward a particular portion of a magistrate judge's findings or reasoning defeat the purpose of initial screening, and presented with such objections, a court may review a report and recommendation for clear error. *See, e.g.*, *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Ruff v. United States*, No. 1:17-cv-148, 2018 WL 2981167, at *1 (N.D.W. Va. June 14, 2018). Likewise, merely reiterating the same arguments presented to a magistrate judge does not constitute a specific objection warranting de novo review. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013).

The only specific argument Plaintiff raises in her objections concerns the risk of contracting COVID-19, see ECF No. 84 at 3; however, Plaintiff still does not offer any evidence upon which to find a genuine issue regarding her Eighth Amendment claim. The remainder of Plaintiff's objections summarily disagree with or attempt to recharacterize the Magistrate Judge's recitation of the factual history and record evidence in this case. The Report noted, however, that Plaintiff's failure to cite record evidence is fatal to her attempt to establish a genuine issue. ECF No. 77 at 14 (citing Fed. R. Civ. P. 56(c)). Plaintiff's objections to the Report are similarly flawed.

Because Plaintiff's objections are nonspecific, and Plaintiff still fails to adequately identify a genuine issue of material fact in accordance with Rule 56(c) of the Federal Rules of Civil Procedure, the Court agrees her Eighth Amendment claim is subject to summary judgment in favor of Defendants. Plaintiff does not address her other pending motions, and the Court agrees they are properly denied.

### C.      This Action Does not Warrant Appointed Counsel at This Stage.

Finally, the Court declines to appoint Plaintiff an attorney at this stage of the proceedings. There is no right to appointment of counsel in a civil case, and discretionary appointment of counsel in such cases is warranted "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Martin v. ISS Facilities*, No. 1:20-CV-00017-MR-WCM, 2020 WL 4938335, at *1 (W.D.N.C. Aug. 24, 2020) ("This is a relatively straightforward civil rights case that does not feature the type of complexity warranting the appointment of counsel.").

In her request for appointed counsel, Plaintiff submits that this action will involve substantial investigation and discovery; that it will involve conflicting testimony; that her imprisonment greatly limits her ability to litigate this case; and that an appointed attorney would help her apply the law properly in briefs before the Court. ECF No. 82-1. The record in this case thus far does not establish, however, exceptional circumstances sufficient to warrant appointment of counsel.

### III.    Conclusion

After a thorough review of the record, the Report, the parties' arguments, and the applicable law, the Court OVERRULES both parties' objections and adopts the Report in its entirety. Accordingly, Defendants' Motion for Summary Judgment, ECF No. 48, is GRANTED solely as to Plaintiff's Eighth Amendment claim. Plaintiff's Motion for Expedited Evidentiary Hearing,

Motion for Preliminary Injunction, Motion to Present Supplemental Evidence, and Motion to Appoint Counsel, ECF Nos. 58, 74, 82, are DENIED.

    IT IS SO ORDERED.

/s/
Sherri A. Lydon
United States District Judge

September 3, 2020

Florence, South Carolina