IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Deborah V. Hubbard, | Case No.: 8:19-cv-1314-SAL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Bryan Stirling, Marian Boulware, Sadia Rafi, David Martinez, Ms. T. Mattison, Lt. Dillard, Dr. John McCree, | |
| Defendants. | |

This matter is before the Court for review of the March 17, 2021 Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 118]. In the Report, the Magistrate Judge recommends the Plaintiff's motion for appointment of counsel, ECF No. 114, be denied and Defendants' second motion for summary judgment, ECF No. 96, be granted. *Id*.

**PROCEDURAL POSTURE**

The Magistrate Judge issued the Report on March 17, 2021. [ECF No. 118]. Plaintiff's objections to the Report were due on or before March 31, 2021. *Id.* Plaintiff filed a motion for extension of time to file objections on April 19, 2021. [ECF No. 121]. With the consent of the Defendants, the Court granted the motion for extension of time because Plaintiff indicated she did not receive the Report until March 24, 2021 and claimed the law library was closed. [ECF Nos. 124, 125]. The order extended the deadline to file objections to May 21, 2021. [ECF No. 124]. On May 21, 2021—the deadline to file objections—Plaintiff filed a motion to recuse Magistrate Judge Jacquelyn D. Austin. [ECF No. 128].

1

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff's motion for recusal does not constitute a specific objection to the Report.  To the extent the motion bears any passing relation to the Report, it is nothing more than a generally stated, nonspecific disagreement with the Magistrate Judge's findings.  The motion for recusal therefore has the same effect as would a failure to object.  *Staley*, 2007 WL 821181, at *1.  Accordingly, the Court reviews the Report for clear error and, finding none, adopts the Report in full and incorporates it by reference herein.

Further, the motion for recusal is meritless and moot.  This matter is no longer referred to Magistrate Judge Austin; it is before the undersigned.  Even if the matter were before Magistrate Judge Austin, Plaintiff asserts no persuasive grounds for disqualification.  Plaintiff's motion for recusal, ECF No. 128, is DENIED.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standards of law, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein.  Accordingly, Plaintiff's motion for appointment of counsel, ECF No. 114, is DENIED; Defendants' second motion for summary judgment, ECF No. 96, is GRANTED; and Plaintiff's motion for recusal, ECF No. 128, is DENIED.  *Id*.

IT IS SO ORDERED.

May 25, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge